**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| MICHAEL P. TAGGART, Jr. | : | CIV. NO. 19-1089 (RMB-KMW) |
|  | : |  |
| Plaintiff | : |  |
|  | : |  |
| v. | : | OPINION |
|  | : |  |
| DAVID S. OWENS, Jr. and | : |  |
| LOUIS CAPELLI, Jr. | : |  |
|  | : |  |
| Defendants | : |  |

**BUMB**, DISTRICT JUDGE

Plaintiff Michael P. Taggert, Jr. ("Plaintiff") filed a prisoner civil rights action and was granted *in forma pauperis* status. (Compl., ECF No. 1; Order, ECF No. 2.) When a prisoner is permitted to proceed without prepayment of the filing fee, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court dismisses the complaint without prejudice.

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

   A.   The Complaint

Plaintiff sued David S. Owens, Jr., as Facility Director of Camden County Correctional Facility ("CCCF"), and Louis Capelli, Jr., as Director of the Camden County Board of Chosen Freeholders, for not affording him daily recreation time in CCCF. (Compl., ¶4, ECF No. 1.) Plaintiff alleges that from April 16, 2015 to February 6, 2018, he complained to various prison employees about not getting daily recreation time. (Id., ¶6.)

On several occasions, that latest of which was in August or September 2017, Plaintiff filed grievances about not getting recreation time. (Id.) Only two of the grievances were answered. (Id.) Plaintiff alleges "(d)uring the almost three years, I was in

3

the [CCCF] it should be known to the court that this facility did not abide by the N.J.A.C. 10A:31-26.4." (Compl., ECF No. 1 at 6.)

B. Section 1983 Claims

1. Statute of Limitations

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. There is a two-year statute of limitations period for § 1983 claims arising in New Jersey. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). Federal law governs when the claim accrues. Id. Generally, accrual is the occurrence of damages caused by a wrongful act. Id. "[T]he continuing violation doctrine does not apply when the plaintiff 'is aware of the injury at the time it occurred.'" Montanez v. Secretary of Pennsylvania Dept. of Corr., 773 F.33d 472, 481 (3d Cir. 2014) (quoting Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 417 n. 6 (3d Cir. 2003)).

Plaintiff alleges that he was subjected to the unconstitutional conditions in CCCF beginning on April 16, 2015 and through February 6, 2018. Pursuant to the prison mailbox rule,[1]

---

[1] "[U]nder the prison mailbox rule … a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing." Moody v. Conroy, 680 F. App'x 140, 144 (3d Cir. 2017). Plaintiff executed his complaint by signing it on January 11, 2019. The Court will assume, solely for purposes of screening the complaint, that Plaintiff delivered the complaint to prison authorities for mailing the same day.

4

Plaintiff brought this action on January 11, 2019. Therefore, it appears on the face of the complaint that it is barred by the two year statute of limitations. See McPherson v. U.S., 392 F. App'x 938, 943 (3d Cir. 2010) (district court can *sua sponte* dismiss complaint under 28 U.S.C. § 1915, if the statute of limitations defense is apparent from the face of the complaint.) Therefore, the Court will dismiss the complaint without prejudice, permitting Plaintiff to raise any limitations tolling issues, if he can otherwise state a claim for relief in an amended complaint.

    2.   Standard of Law

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v.

Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

The Due Process Clause of the Fourteenth Amendment is violated when a pretrial detainee is subjected to punishment that is not reasonably related to a legitimate governmental objective. Hubbard v. Taylor, 538 F.3d 229, 236 (3d Cir. 2008); see Duran v. Merline, 923 F.Supp.2d 702, 714 (D.N.J. 2013) (evidence of overcrowded conditions, extreme noise, violence, spread of disease and once a week recreation time precluded summary judgment on Due Process claim).

Unconstitutional punishment in violation of the Fourteenth Amendment includes objective and subjective components. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component requires consideration of whether the "conditions cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." Hubbard, 538 F.3d at 233 (internal quotation marks and citations omitted). This requires consideration of the totality of the circumstances within an institution. Id.

The subjective component of a Fourteenth Amendment Due Process claim requires a plaintiff to show the defendants acted

with a sufficiently culpable state of mind. <u>Stevenson v. Carroll</u>, 495 F.3d 62, 68 (3d Cir. 2007).

> [A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.

<u>Id.</u> (quoting <u>Rapier v. Harris</u>, 172 F.3d 999, 1005 (7th Cir. 1999)).

State regulations may also create a protected liberty interest, but state-created liberty interests are generally

> limited to freedom from restraint which, while not exceeding the sentence in such a manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

<u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).

New Jersey Administrative Code ("NJAC") 10A:31-26.4 provides:

> (a) A staff member shall administer and supervise the Recreation and Leisure Time Activities Program.
>
> (b) The adult county correctional facility shall provide for both indoor and outdoor recreation areas.
>
> (c) All inmates, except those in disciplinary detention, shall be provided with the opportunity to participate in leisure time activities on a daily basis. Such leisure time activities may include, but are not limited to:

7

    1. Watching television;

    2. Listening to the radio;

    3. Playing cards; and

    4. Initiating and completing arts and crafts projects.

(d) The facility shall provide inmates access to recreational opportunities and equipment.

(e) Inmates shall be given the opportunity to participate in a minimum of one hour of physical exercise and recreation each day outside the living unit.

(f) Weather permitting, recreation activities should be scheduled for out-of-doors.

3. <u>Analysis</u>

Plaintiff's complaint lacks sufficient detail to state a Due Process claim under the Fourteenth Amendment for several reasons. First, it isn't clear from the complaint whether Plaintiff is alleging he was denied all recreation time for the entire approximately three-year period alleged in the complaint or whether the deprivation was intermittent throughout that period. It is also unclear whether Plaintiff is alleging he was denied all recreational activities or whether he was denied only outdoor recreation. For the Court to determine whether the totality of the circumstances under which Plaintiff was confined in the CCCF

violated the Due Process Clause, Plaintiff needs to provide additional facts.

Second, the only defendants to the complaint are the Director of the CCCF and the Director of the Camden County Board of Chosen Freeholders. To hold supervisors liable under § 1983, a plaintiff must establish their personal involvement in the constitutional violation. Bistrian v. Levi, 696 F.3d 352, 366 n.5 (3d Cir. 2012). Plaintiff has not alleged how defendants were personally involved in depriving him of recreation time.

    C.    Motion to Appoint Pro Bono Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." Plaintiff seeks appointment of counsel because he cannot afford to hire counsel. (ECF No. 1 at 5.) Before a court appoints pro bono counsel, it should determine whether the claim has some merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 19993). Because the complaint fails to state a claim for relief, the court will deny Plaintiff's motion for appointment of counsel without prejudice.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the complaint without prejudice and deny the motion to appoint pro bono counsel without prejudice.

An appropriate order follows.

DATE:   February 25, 2020            s/Renée Marie Bumb
                                     **RENÉE MARIE BUMB**
                                     **United States District Judge**